UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21908-BLOOM/Otazo-Reyes

LISA JONES,

    Plaintiff,

v.

CARNIVAL CORP.,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendant Carnival Corporation's ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [10] ("Motion"). Plaintiff Lisa Jones filed a Response in opposition to the Motion, ECF No. [12], and Defendant filed a Reply in support of the Motion, ECF No. [15]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Motion is granted.

    **I.   BACKGROUND**

        **A.  Complaint**

    On May 23, 2023, Plaintiff filed the Complaint in this action, ECF No. [1], alleging the following. On August 11, 2022, Defendant anchored its vessel, *Carnival Sunrise*, off the coast of Grand Cayman and allowed passengers, including Plaintiff, to disembark via tender while the vessel remained anchored at sea. *Id.* ¶ 9. That same day, as Plaintiff was returning to the *Carnival Horizon* via tender, the weather became windy and rainy and the sea stormy. *Id.* ¶ 11. While disembarking the tender via a downward-sloping gangway that temporarily connected the tender to the *Carnival Sunrise*, Plaintiff slipped, fell backwards, and injured her back and tailbone. *Id.* ¶

12. The gangway was wet on account of the weather and sea, was dirty, and was set on an angle that created a slipping hazard but not set to prevent the gangway from swaying with the wind. *Id.* ¶ 14. The Complaint alleges Defendant was responsible for the condition of the gangway and Defendant's crewmembers were responsible for setting the decline of the gangway and assisting Plaintiff to board the *Carnival Sunrise*. *Id.* The Complaint asserts four claims against Defendant: Count I – General Negligence, Count II – Negligent Maintenance, Count III – Negligent Failure to Warn, and Count IV – Negligence Against Defendant Based Upon a Theory of Vicarious Liability. *See generally id.*

In Count I, Plaintiff contends she was owed either a heightened duty of care "in having her board the vessel via tender and/or gangway", or alternatively a duty of reasonable care under the circumstances. *Id.* ¶ 16. The Complaint alleges that Defendant—through its crew, agents, employees, staff and/or representatives—breached its duty in one or more of the following ways:

> a. Failure to properly monitor the weather and/or sea conditions before and at the time of Plaintiff's boarding to ensure such conditions were reasonably safe for purposes of passengers' transfer from the tender to the vessel;
> b. Failure to provide passengers, including Plaintiff, with a reasonably safe means of ingress to the vessel;
> c. Failure to properly train, supervise and/or monitor crewmembers to assist passengers, including Plaintiff, to safely board the vessel;
> d. Failure to adequately and/or safely secure the gangway/tender area so that it was stable and/or not sway during passengers' use;
> e. Failure to adequately and/or safely set up the gangway/tender area so that the gangway was not set at an unreasonably dangerous and/or unreasonably steep downward slope;
> f. Failure to provide proper and/or sufficient instructions to passengers so that passengers, including Plaintiff, had a reasonably safe means of boarding the vessel;
> g. Failure to test and/or adequately evaluate the subject flooring surface in light of the anticipated weather conditions and traffic given the anticipated purpose of the subject area;
> h. Failure to install anti-slip material to the gangway walking surface to provide a safe walking gangway walking surface.

*Id.* ¶ 18.

In Count II, Plaintiff alleges that Defendant had a non-delegable duty to maintain its tender walkers, platforms, and gangways in a reasonably safe condition. *Id.* ¶ 23. Pertinent here, Count II alleges that "Defendant and/or its agents, servants and/or employees breached its [*sic*] duty through" their "[f]ailure to reasonably set up and/or maintain the subject gangway in a secure manner to ensure it did not violently sway in the wind." *Id.* ¶ 24.c.

In Count III, Plaintiff alleges Defendant "and/or its agents, servants and/or employees breached its [*sic*] duty to warn the Plaintiff" through certain acts or omissions." *Id.* ¶ 31.

In Count IV, Plaintiff alleges that Defendant's employees and/or agents "negligently operated a tender and gangway Plaintiff used to board the vessel, and that negligence caused Plaintiff's incident and resulting injuries." *Id.* ¶ 36. Defendant's employees or agents were negligent on account of their

> a. Failure to properly monitor the weather and/or sea conditions before and at the time of Plaintiff's boarding to ensure such conditions were reasonably safe for purposes of passengers' transfer from the tender to the vessel;
> b. Failure to adequately and/or safely secure the gangway/tender area so that it was stable and/or not sway during passengers' use;
> c. Failure to adequately and/or safely set up the gangway/tender area so that the gangway was not set at an unreasonably dangerous and/or unreasonably steep downward slope;
> d. Failure to reasonably set up and/or maintain the subject gangway in a secure manner to ensure it did not violently sway in the wind;
> e. Failure to provide proper and/or sufficient instructions to passengers so that passengers, including Plaintiff, had a reasonably safe means of boarding the vessel; [and their]
> f. Failure to employ anti-slip material to the gangway walking surface to provide a safe walking gangway walking surface.

*Id.* ¶ 36.

Based on the foregoing allegations, Plaintiff alleges the following failures by Defendant *and* Defendant's agents or employees in both Count I and Count IV:

1. Failure to properly monitor the weather and/or sea conditions before and at the time of Plaintiff's boarding to ensure such conditions were reasonably safe for purposes of passengers' transfer from the tender to the vessel;

2. Failure to adequately and/or safely secure the gangway/tender area so that it was stable and/or not sway during passengers' use;

3. Failure to adequately and/or safely set up the gangway/tender area so that the gangway was not set at an unreasonably dangerous and/or unreasonably steep downward slope;

4. Failure to provide proper and/or sufficient instructions to passengers so that passengers, including Plaintiff, had a reasonably safe means of boarding the vessel; and

5. Failure to employ anti-slip material to the gangway walking surface to provide a safe walking gangway walking surface.

Moreover, in Counts II and IV, *both* Defendant and its employees are allegedly responsible for the failure to reasonably set up and/or maintain the subject gangway in a secure manner to ensure it did not violently sway in the wind.

In Count IV, Plaintiff alleges that Defendant knew of the dangerous condition and failed to warn Plaintiff of the same. *Id.* ¶ 37.

### B. Motion

Defendant moves to dismiss Count IV as a shotgun pleading because it commingles direct and vicarious liability theories by asserting that Defendant is vicariously liable while alleging that Defendant was on notice of the dangerous condition posed by the gangway. *Id.* at 3-4. Defendant also argues that Plaintiff cannot assert a vicarious liability claim against Defendant because her negligence claim, properly understood, is a count for Defendant's negligent maintenance of the

gangway—akin to a premises liability claim—that stems from the gangway lacking anti-slip material and being in an unreasonably slippery, dirty, and steep condition. As a negligent maintenance claim, Defendant contends Plaintiff may only proceed under a theory of direct liability under Eleventh Circuit precedent. *Id.* at 7. Defendant requests the Court dismiss Count IV because Count IV does not expose Defendant to any additional alleged liability beyond Plaintiff's direct liability claims. *Id.*

## II. LEGAL STANDARD

### A. Shotgun Pleading

A "shotgun pleading[]" is a Complaint that violates either Rule 8(a)(2) or 10(b), or both. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). There are four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23 (11th Cir. 2015) (alteration added; footnote call numbers omitted). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323 (footnote call number omitted).

### B. Failure to State a Claim for Relief

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a cognizable claim under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009).

### III. DISCUSSION

As an initial matter, the parties agree this case is governed by maritime law. "Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To prevail on a

negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336). "Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of her complaint in making a sufficient showing on each element for the purposes of defeating summary judgment." *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236-37 (S.D. Fla. 2006).

The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720; *see also D'Antonio*, 785 F. App'x at 797.

"In contrast, a shipowner's duty to a plaintiff is not relevant to a claim based on vicarious liability." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022). "When the tortfeasor is an employee, the principle of vicarious liability allows 'an otherwise non-faulty employer' to be held liable 'for the negligent acts of [that] employee acting within the scope of employment.'" *Id.* (quoting *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011) (citation omitted)). "In other words, liability for the agent's negligence is legally imputed to the non-negligent principal." *Id.* (citing *Meyer v. Holley*, 537 U.S. 280, 285-86, 123 S. Ct. 824, 154 L. Ed. 2d 753 (2003)).

### A. Shotgun Pleading

Defendant asserts that Count IV is a shotgun pleading because it impermissibly commingles direct and vicarious liability claims. Plaintiff responds that she adequately alleged Defendant's crew members' duty owed to Plaintiff separately from Defendant's duty and the breach of the crewmember's duty, in paragraphs 35 and 36 of the Complaint. ECF No. [12] at 3. Plaintiff further contends that Defendant has conceded in its Motion that the Complaint is not a shotgun pleading because it recognizes Count IV as a vicarious liability claim and Counts I through III as direct liability claims, meaning that Defendant necessarily has adequate notice of the claims against it. ECF No. [12] at 3-4. Moreover, Plaintiff faults Defendant for not appreciating the distinction between Counts I through III and Count IV: the former are claims against Defendant for Defendant's failure to provide Plaintiff with safe embarkation on the cruise ship, and the latter is a claim against Defendant for its crewmember's failure to properly set and secure the gangway. *Id.* at 4.

The Court finds that Count IV should not be dismissed on the ground that it is a shotgun pleading. First, the Complaint does not squarely fall into one of the four categories described in *Weiland* as characteristic of shotgun pleadings. Defendant cites to *Hagle v. Royal Caribbean Cruises Ltd.* to argue that Count IV is the third type of shotgun pleading because it commingles claims of direct and vicarious liability, but that case does not support Defendant's argument. In *Hagle*, the defendants argued that the plaintiff commingled claims for direct and vicarious liability in ten counts of a complaint. *Hagle v. Royal Caribbean Cruises Ltd.*, No. 22-23186-CV, 2023 WL 3571292, at *6 (S.D. Fla. May 2, 2023), *report and recommendation adopted*, No. 22-23186-CV, 2023 WL 3568130 (S.D. Fla. May 19, 2023). The plaintiff responded, citing *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164 (11th Cir. 2021), that her complaint was not a shotgun pleading because she could validly assert both direct and vicarious liability claims. *Id.* at *6. The court

8

found that each of nine of the counts were shotgun pleadings because each count asserted claims for direct and vicarious liability. *Id.* The court rejected the plaintiff's argument, explaining that "[w]hile [the plaintiff] can travel under a theory of direct liability, vicarious liability, or both for a given claim, they are not the same cause of action. Rather, they are distinct theories of liability, and to assert both in one count is an impermissible shotgun pleading." *Id.*

Here, Plaintiff has not asserted both a direct claim and a vicarious liability claim under Count IV; rather, Plaintiff has alleged distinct direct and vicarious liability claims in four separate Counts. Accordingly, the Complaint does not suffer from the deficiency discussed by the court in *Hagle*. To be sure, paragraph 37 of the Complaint appears under Count IV and alleges that Defendant knew of the gangway's dangerous condition. Such an allegation is extraneous since notice is not required for a plaintiff to sustain a vicarious liability claim. *Holland*, 50 F.4th at 1094. Nevertheless, Defendant has not shown that the proper remedy for the presence of an extraneous allegation is to dismiss the Count entirely as opposed to striking the paragraph in which that allegation appears. *Cf. Peavy v. Carnival Corp.*, No. 23-cv-20042, 2023 WL 3454921, at *3 (S.D. Fla. May 15, 2023) (dismissing without prejudice vicarious liability claim where paragraph of that claim referred to defendant's duty, but allegations would be insufficient were the Court to strike the paragraph).

Second, the supporting and opposing submissions make plain that Defendant understands the claims in the Complaint. Because the Complaint provides Defendants adequate notice of the claims against them and the grounds upon which each claim rests, Count IV not a shotgun pleading. *See Weiland*, 792 F.3d at 1323.[1]

---

[1] The Court disagrees with Defendant that *Upchurch* supports that the Complaint is a shotgun pleading. *Upchurch* stated that the complaint in that case "plainly states that Carnival is 'vicariously liable for any negligence of the [C]rewmember' who directed Plaintiff onto the tender boat. Yet it also alleged that Carnival owed Plaintiff a duty of care, which 'has nothing to do with vicarious liability, which is not based

### B. Duplicative Count

The dispute between the parties is not about a failure of the Complaint to provide adequate notice to Defendant of the claims against it. Rather, it rests on whether the factual allegations set forth in the Complaint can give rise both to direct and vicarious liability claims.

In Defendant's view, Count IV fails to allege a separate, distinct, and/or independent cause of action, does not expose Defendant to any additional alleged liability, and must be dismissed as redundant and unnecessary. Plaintiff does not directly respond to Defendant on that point but relies on *Yusko* to argue that a plaintiff may proceed under both a direct liability and vicarious liability theory. ECF No. [12] at 5. Plaintiff further contends she is entitled to define the risk-creating condition in the following way: Plaintiff contends that Defendant is directly liable for its failure to prevent the gangway from becoming slippery and is vicariously liable for Defendant's *crewmembers'* failure to reasonably set and secure the gangway. *Id.* at 5-6. Having divided the responsibility for Plaintiff's injury in this way, Plaintiff argues Defendant and Defendants' crewmembers each breached respective duties of reasonable care that each owed to Plaintiff. ECF No. [12] at 3. As such, Plaintiff seeks to have Defendant found liable both for its and its crewmembers' breach of duty. In other words, Plaintiff is not pursuing *alternative* theories of recovery but instead has defined the alleged dangerous condition such that, if the allegations were true, Defendant would be *both* directly and vicariously liable for Plaintiff's injuries.[2]

---

on the shipowner's conduct.'" *Upchurch v. Carnival Corp.*, No. 21-23469-CIV, 2022 WL 3154859, at *3 (S.D. Fla. May 13, 2022) (citations omitted; alterations in original). In other words, the complaint in that case was a shotgun pleading because, unlike the Complaint, it literally commingled direct and vicarious liability allegations within a single count.

[2] As a general proposition, it is axiomatic that a plaintiff may pursue alternative theories of recovery, regardless of their consistency, though he or she may not recover separate on inconsistent theories. *Brookhaven Landscape & Grading Co. v. J. F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir.), *adhered to*, 681 F.2d 734 (11th Cir. 1982). Because Plaintiff does *not* argue Count IV is in the alternative to Count I, the Court must consider whether Count IV is duplicative.

The Court first notes that Plaintiff appears to conflate Defendant's crewmembers' negligent acts with their breach of a duty owed to Plaintiff by those acts, but the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the former, not the latter. *See Holland*, 50 F.4th at 1094. Setting that aside, the Court finds that the Count IV is duplicative of Counts I and II. That is because, contrary to Plaintiff's representations, the crewmembers' breach of duty is premised on the same factual allegations that, accepted as true, also give rise to Defendant's liability. Specifically, the Complaint alleges Defendant and its crewmembers breached their respective duties by engaging in six identical acts or omissions. But Defendant is a corporate entity and, since an entity like Defendant must almost exclusively act through its agents, *Navarro v. Carnival Corp.*, No. 19-21072-CIV, 2020 WL 7480861, at *2 (S.D. Fla. Dec. 18, 2020), the crewmembers' acts and omissions and Defendant's acts are one in the same. For that reason, the Court cannot discern how Count IV is not duplicative of Count I or Count II. While Plaintiff is correct when she observes a plaintiff may define the risk-creating condition that led to her injuries,[3] Plaintiff provides no basis in law allowing her to plead that both Defendant and its employees are responsible for the same risk-creating conditions.

Plaintiff's reliance on *Yusko* is misplaced because *Yusko* does not support that a plaintiff can *always* proceed against a cruise line on both a direct and vicarious liability theory. As *Holland* recognized, *Yusko* explained that "common sense suggests that there will be . . . many occasions where passengers are limited to a theory of direct liability." *Holland*, 50 F.4th at 1097 (quoting *Yusko*, 4 F.4th at 1170). Because Count IV is duplicative, the Complaint in action presents such an occasion.

---

[3] *See Wiegand v. Royal Caribbean Cruises Ltd.*, No. 21-12506, 2023 WL 4445948, at *3 (11th Cir. July 11, 2023) (generally allowing a plaintiff to define the risk-creating condition).

11

Accordingly, where a Count is duplicative, its dismissal is warranted. *See Giambra v. Wendy's Int'l, Inc.*, No. 8:08-CV-2016-T-27EAJ, 2009 WL 1686677, at *2 (M.D. Fla. June 16, 2009) (dismissing claim under Florida law of negligent supervision where claim was based on the same facts as those supporting a *respondeat superior* claim). Further, where a plaintiff concedes that her claim is direct in nature—as Plaintiff has done here by repeating in Count IV allegations that give rise to a breach of duty in Counts I and II—dismissal with prejudice of vicarious liability claims is warranted. *See Worley v. Carnival Corp.*, No. 21-23501-CIV, 2022 WL 845467, at *2 (S.D. Fla. Mar. 22, 2022) (dismissing vicarious liability claims with prejudice where plaintiff did not meaningfully contend with case law indicating her claims are of a direct liability nature).[4] As such, Count IV is due to be dismissed with prejudice.[5]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, **ECF No. [10]**, is **GRANTED**.

2. Count IV of the Complaint is **DISMISSED WITH PREJUDICE**.

3. Defendant **shall file its Answer to Counts I, II, and III of the Complaint by October 26, 2023**.

---

[4] This conclusion is further bolstered by Plaintiff's representation that Defendant's duty to maintain its tender walkers, platforms, and gangways in a reasonable condition is non-delegable. Compl. ¶ 23.

[5] Because the Court resolves the Motion on the foregoing grounds, it does not reach Defendant's second argument that Count IV must be dismissed because the alleged dangerous condition was created by the conditions on Defendant's vessel, not by Defendant's employees' actions.

Case No. 23-cv-21908-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record